UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

FELTON SEALEY,

        Plaintiff,
                        Case No. 2:18-cv-168

v.
                        Honorable Robert J. Jonker

B. ROSEBROCK et al.,

        Defendants.
_____/

## OPINION AND ORDER

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under Federal Rule of Civil Procedure 21, the Court is permitted to drop parties *sua sponte* when the parties have been misjoined. Pursuant to that rule, the Court will drop as misjoined Defendants Horton, Rink, and Immel and dismiss Plaintiff's claims against them without prejudice.

## Discussion

    I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. The events about which he complains occurred at that facility. Plaintiff divides his complaint into two sections. In the first section, designated by Plaintiff as "COMPLAINT ONE", Plaintiff sues URF dental assistant B. Rosebrock and URF Health Unit Manager Patricia Lamb.

Plaintiff alleges he cracked a tooth while eating on January 21, 2018. Plaintiff sought treatment. He alleges that, on January 23, 2018, Defendant Rosebrock responded that Plaintiff was being placed on the dental examination list. On January 29, 2018, Plaintiff had still

not been examined. He wrote another kite to dental complaining of the tooth pain he was suffering. The next day defendant Rosebrock responded that Plaintiff was on the examination list. A week later, Plaintiff wrote another kite. He did not receive a response.

Plaintiff filed a grievance. On March 7, 2018, Plaintiff received a response from Defendant Lamb. She informed Plaintiff that he would only be seen "when an appointment is available, as prioritized by policy." (Compl., ECF No. 1, PageID.10.)

Plaintiff continued to complain, but he was not examined until April 11, 2018. At that time Dr. Weiss informed Plaintiff the tooth should be pulled. Plaintiff refused. Three months later, Plaintiff was seen by another doctor. That doctor cleaned and repaired Plaintiff's tooth.

Plaintiff contends that Defendants Rosebrock and Lamb were deliberately indifferent to his need for dental treatment and pain medication in violation of the Eighth Amendment. He also claims that Defendants Rosebrock and Lamb were grossly negligent under state law.

In the second section of Plaintiff's complaint, designated by Plaintiff as "COMPLAINT TWO", Plaintiff sues URF Warden Connie Horton, URF Chaplain Dave Rink, and URF Assistant Deputy Warden Unknown Immel. Plaintiff alleges that, on May 11, 2018, and thereafter, he was denied the opportunity to attend his Orthodox Sunni Muslim religious services because he was on top-lock status.

The Michigan Department of Corrections policy directive regarding prisoner discipline describes "toplock" as follows:

> MMM. A prisoner on toplock is restricted to his/her own cell, room, or bunk and bunk area. For purposes of this section, "bunk area" is defined as the prisoner's bunk and the floor area next to the prisoner's bunk which extends to the mid-point between the adjacent bunks on all sides. If a prisoner is housed in a multiple occupancy cell or room, toplock may consist of placement in a cell/room which is designated

|      | as a toplock cell/room. If placed in such a cell/room, the prisoner shall be given the same access to his/her property which would be provided if housed in his/her own cell/room and shall be treated in all other respects as being on toplock. |
|------|---|
| NNN. | A prisoner on toplock shall not leave his/her cell, room, or bunk area for any reason without specific authorization from the appropriate staff person. The prisoner may be deprived of use of his/her television, radio, tape player, and portable media player while on toplock as provided in the facility operating procedure. |
| OOO. | Prisoners shall be released from toplock for regular showers, visits, medical care (including individual and group therapy), school, and law library. The Warden or designee may authorize prisoners on toplock to go to the dining room, work assignments, and/or other specified activities, including group religious services; prisoners not released from toplock for store and Securepak orders shall have store and Securepak orders delivered to them. Prisoners on toplock shall have a minimum of one hour per day of out-of-cell activity, which may include all out-of-cell activities authorized by this paragraph. |

MDOC Policy Directive 03.03.105 (Eff. 7/1/2018). Plaintiff alleges that Defendants Horton, Rink, and Immel are responsible for denying him the opportunity to attend his religious services because they created and enforced the policy that denies religious service call-outs to prisoners on top-lock. Plaintiff claims Defendants Horton, Rink, and Immel have violated federal law, Plaintiff's First Amendment rights, and Plaintiff's due process rights by their actions. Plaintiff claims further that Defendants Horton, Rink, and Immel, under state law, have been grossly negligent by their actions or inactions, thereby causing Plaintiff injury.

Plaintiff seeks a declaratory judgment that Defendants have violated his rights, compensatory damages of $20,000.00, and punitive damages of $100,000.00.

II. <u>Misjoinder</u>

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action

3

as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778. When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts of . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different

4

geographical locations." *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, S. No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting the improper joinder of defendants in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person -- say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions -- should be rejected if filed by a prisoner.

5

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998); *Shephard v. Edwards*, No. C2-01-563, 2001 WL 1681145, *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule). To allow Plaintiff to proceed with these improperly joined claims and defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should any of his claims turn out to be frivolous.

The first set of allegations contained in the complaint relate to Defendants Rosebrock and Lamb. They relate only to those Defendants' deliberate indifference and gross negligence in connection with Plaintiff's dental care. No other Defendant was involved in Plaintiff's dental care, and none of Plaintiff's claims against the other Defendants arose out of the same transaction or occurrence. Indeed, the remaining claims are wholly unrelated to the claims against Defendants Rosebrock and Lamb.

For these reasons, the claims against all Defendants other than Rosebrock and Lamb are misjoined. Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options:

(1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'"); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Bldg. Co.*, 848 F.2d at 682.

In this case, Plaintiff brings causes of action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Furthermore,

7

"Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

All of the actions about which Plaintiff complains occurred in 2018. Plaintiff faces no risk that any claim against the misjoined Defendants will be barred by the statute of limitations. Plaintiff therefore will not suffer gratuitous harm if the improperly joined Defendants are dismissed. Accordingly, the Court will exercise its discretion under Rule 21 and dismiss all Defendants other than Defendants Rosebrock and Lamb from the action, without prejudice to the institution of new, separate lawsuits by Plaintiff against the dropped Defendants. *See Coughlin*, 130 F.3d at 1350 ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs"); *Carney*, 2008 WL 485204, at *3 (same).

**IT IS ORDERED** that Defendants Horton, Rink, and Immel are **DROPPED** from this action because they are misjoined, and Plaintiff's claims against them will be **DISMISSED WITHOUT PREJUDICE**.

Dated:   November 7, 2018           /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE